IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 2000 CR 0277 |
| Plaintiff | ) | |
| | ) | JUDGE JOSEPH R. KAINRAD |
| -vs- | ) | |
| | ) | |
| BRADLEY J. NELSON, | ) | **ORDER AND JOURNAL ENTRY** |
| | ) | |
| Defendant | ) | |

FILED
COURT OF COMMON PLEAS
JAN 1 8 2001
DELORES REED, CLERK
PORTAGE COUNTY, OHIO

On Tuesday, January 16, 2001, Defendant's sentencing hearing was held pursuant to Ohio Revised Code Section 2929.19.

Defense Attorney, Dennis Lager on behalf of Joseph Szymanski, and the Assistant Prosecuting Attorney, Barbara Oswick, were present as was the Defendant, Bradley J. Nelson, who was afforded all rights pursuant to Crim. R. 32. Also present was Stephen Poling on behalf of the Portage County Adult Probation Department.

The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

The Court finds that the Defendant, Bradley J. Nelson, has previously entered a Written Plea of Guilty to the offense of "Attempted Rape", as charged in Amended Count One of the Indictment, a felony of the second degree, in violation of R.C. 2923.02 and 2907.02(A)(1)(b). The remaining charges were dismissed.

The Court further finds that the victim suffers from emotional harm and the offense was facilitated by Defendants relationship with the victim, as he was the baby sitter. Therefore, there is nothing to overcome the presumption of prison.

ATTACHMENT A

For reasons stated on the record, and after consideration of the factors under Revised Code 2929.12, the Court also finds that prison is consistent with the purpose of Revised Code Section 2929.11 and the Defendant is not amenable to community control sanction.

The Court thereupon notified the Defendant, the parole board could increase the total prison term up to fifty percent (50%) of the original prison term for certain violations of prison rules; and that after release from prison, the Defendant will be supervised under post release control R.C. 2967.28.

The Court further notified the Defendant that if the Defendant violates the terms of the post-release control, the Defendant could receive an additional prison term not to exceed fifty percent (50%) of his original prison term.

The Court further finds the sentence was recommended by the State of Ohio and agreed upon by the Defendant.

IT IS THEREFORE ORDERED that the Defendant be sentenced to the Ohio Department of Rehabilitation and Correction, Grafton, Ohio to a definite term of imprisonment of three (3) years, to be served for the offense of "Attempted Rape", or until such time as he is otherwise legally released.

IT IS FURTHER ORDERED Defendant shall receive credit for the one hundred six (106) days he has spent in the Portage County Jail in the above styled case. This credit included jail time up to the date of this entry and does not include any subsequent time awaiting conveyance to the reception facility.

IT IS FURTHER ORDERED the bond previously fixed herein shall be discharged.

IT IS FURTHER ORDERED that the Defendant be assessed the costs of these proceedings, for all of which execution shall issue.

IT IS FURTHER ORDERED that the Clerk of this Court prepare a warrant to issue to the

Sheriff of Portage County commanding him to convey this Defendant as hereinabove directed, and that the Defendant be remanded into the custody of the Portage County Sheriff to be so conveyed.

**IT IS SO ORDERED.**

                                          */s/ Joseph R. Kainrad*
                                          **JUDGE JOSEPH R. KAINRAD**
                                          **COURT OF COMMON PLEAS**

cc:    Barbara Oswick, Assistant Prosecuting Attorney
        Joseph Szymanski/DL, Attorney for Defendant
        Stephen Poling, Adult Probation Department
        Sheriff