# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO.: 0647 5:19CR00409-001 |
| Plaintiff | * | JUDGE: JOHN R. ADAMS |
| v. | * | |
| BRADLEY NELSON | * | **SENTENCING MEMORANDUM OF BRADLEY NELSON** |
| Defendant | * | |
| * * * | | |

Now comes the Defendant, BRADLEY NELSON, by and through the undersigned counsel, and offers the following Sentencing Memorandum.

The Defendant has two objections to the Presentence Investigation Report.

Defendant objects to Paragraph Number 21 which adds 4 levels under Guideline Section §2 G2.2 (b)(4) for material that portrays sadistic or masochistic conduct and involves one image of a toddler. Defendant also objects to Paragraph 57 suggesting that a mandatory minimum term of imprisonment of 15 years is mandated by 18 U.S.C. § 2252(b)(1). Defendant suggests that his offense level set forth in Paragraph 31 should be 27 and not 31. Also he suggests that the minimum mandatory sentence of 15 years does not apply because his prior conviction was for "attempted" rape and not rape.

1

The Defendant's basic position regarding the 15 year mandatory sentence is that the statute only imposes an enhanced penalty if the Defendant has a previous conviction under state law for sexual abuse type cases but does not deem it applicable if the state conviction was for attempted sexual abuse type cases. Paragraph 34 of the presentence investigation report correctly indicates that the Defendant was convicted of attempted rape in Portage County, Ohio Common Pleas Court on about January 16, 2001. The Defendant herein has pled guilty to a violation of 18 U.S.C § 2252 (a)(2) and the sentencing provisions for a violation are contained later in the statute in subsection (b)(1) wherein in relevant part is states:

> *"Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years."*

In applying section (b)(1) in this case, there are several provisions that are important. Bradley Nelson violated paragraph (a)(2) of the statute. He did not attempt or conspire to violate the section, he instead specifically violated the section and he pled guilty and admitted to that offense.

The next determination the Court will make is whether the enhanced sentencing provisions set forth in (b)(1) should apply to the Defendant. Bradley Nelson has never been convicted of a federal offense of any kind, and thus all of the federal offenses set forth in (b)(1) do not apply to the Defendant. He has however been convicted of attempted rape under the laws

2

of the State of Ohio and so the Court must determine whether that prior conviction qualifies as a predicate offense for the imposition of the enhanced sentence. It seems clear that had Bradley Nelson been convicted of rape under Ohio law, then the 15 year enhanced provision would be applicable. But he was not convicted of rape, he was convicted of attempted rape.

The wording of (b)(1) does not include a provision for enhancement for convictions under the laws of any state relating to "attempted" aggravated sexual assault, or similar offenses. The fact that the legislature did not add the word *attempted* aggravated sexual abuse should be construed to mean that they intentionally did not consider an attempt under state law inclusive in their definition. The legislature could have easily added the word *attempt* as they did in the first line of (b)(1) where they indicate that whoever violates or *attempts* to violate §2251(a)(2) is guilty of the offense. Since a prior conviction for aggravated sexual assault was not previously committed by the Defendant, then the enhanced imprisonment provision of 15 years should not be imposed in this case.

The Defendant's objection to Paragraph 21 is twofold. On page 18 of the Presentence Investigation Report under the paragraph entitled "Response by U.S. Probation Officer", the Probation Officer states "The defendant had a least one image of an adult female spreading open the anus of a nude toddler female. Since the image portrays sexual abuse of a toddler, the enhancement is properly applied". The Defendant's position is that spreading open the anus does not meet the definition of sadistic or masochistic conduct.

The second objection to the imposition of said guideline section is that there is no definition for toddler, and thus the question arises as to what facts the Probation Officer relied on to conclude that the image portrays a toddler. If the image does not portray a toddler, then the

enhancement would not apply.  But the ambiguity of the definition of toddler raises an additional issue.  Since there is no definitive definition of toddler, then the statute is unconstitutionally vague in this respect.

WHEREFORE, the Defendant respectfully requests that the Court not impose the 15 year minimum mandatory sentence set forth in 18 U.S.C. § 2252 (b)(1) and that the Court not add 4 levels under the guideline §2G2.2(b)(4) for sadistic or masochistic conduct.  Defendant suggests his sentencing range is 27.

Respectfully submitted,

/s/David C. Jack_____
DAVID C. JACK #0034187
Attorney for Defendant
145 Akron Road
Wadsworth, Ohio  44281
 Phone: 330- 336-4455 Fax:  330-336-4462
davidjacklaw@juno.com

## **PROOF OF SERVICE**

     I hereby certify that on the **2nd** day of January, 2020, a copy of the foregoing Defendant's Sentencing Memorandum was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                    /s/David C. Jack_____
                    DAVID C. JACK #0034187
                    Attorney for Defendant